UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

TRAVIS DENORRIS ARNOLD (#18706-058)

DOCKET NO. 15-CV-1727; SEC. P
CONSOL. 15-CV-1728
15-CV-1729

VERSUS

JUDGE DRELL

MR. DODGE, ET AL.

MAGISTRATE JUDGE KIRK

### REPORT AND RECOMMENDATION

Before the Court is the consolidated complaint of Travis Denorris Arnold, filed on May 18, 2015 pursuant to Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics[1]. Plaintiff is proceeding pro se and in forma papueris. Plaintiff is an inmate in the custody of the United States Bureau of Prisons, incarcerated at the United States Penitentiary Pollock, in Pollock, Louisiana. He names as defendants Mr. Dodge, Ms. Harms, Mr. Wells, and Warden Carvajal. He seeks monetary damages for breach of contract, discrimination, and retaliation.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Factual Allegations*

Plaintiff alleges that the defendants have repeatedly violated

---

[1] In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), the Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by 42 U.S.C.A. § 1983.

his contract with the United States District Court by withdrawing sums of money from his prison account. He also claims that the money was removed as "discrimination and retaliation."

In March 2014, Plaintiff incurred his first $350.00 filing fee in this Court when he filed a civil rights complaint and was granted leave to proceed in forma papueris. [1:14-cv-536; Doc.#8] It was ordered that Plaintiff pay an initial filing fee of $101.44, and then make MONTHLY PAYMENTS of 20% of the preceding month's income until $350.00 has been paid in full. It was ordered that the warden forward the payments any time the amount in Plaintiff's inmate account exceeded $10.00. [1:14-cv-536; Doc. #8] The case was dismissed on October 2, 2014, but it does not appear that Plaintiff ever paid his $350.00 filing fee in full. [1:14-cv-536; Doc. #27]

Plaintiff incurred his second $350.00 filing fee in March 2014, when he filed another civil rights complaint and was granted leave to proceed in forma pauperis. [1:14-cv-538; Doc.#9] It was ordered that Plaintiff pay an initial filing fee of $101.44, and then make MONTHLY PAYMENTS of 20% of the preceding month's income until $350.00 has been paid in full. It was ordered that the warden forward the payments any time the amount in Plaintiff's inmate account exceeded $10.00. [1:14-cv-538; Doc. #9] The case was dismissed on October 2, 2014, but it does not appear that Plaintiff ever paid the full filing fee in this case, either. [1:14-cv-538; Doc. #20]

Plaintiff incurred subsequent, additional $350.00 filing fees when he filed the instant captioned complaint and other complaints in 2015.

### *Law and Analysis*

1. Breach of Contract

Plaintiff complains that the defendants have breached the contract between Plaintiff and this Court. A breach of contract claim provides no basis for a <u>Bivens</u> action. Such a claim simply alleges no deprivation of rights, privileges, or immunities secured by the Constitution or laws of the United States. A breach of contract does not rise to the level of a constitutional violation. <u>See</u> <u>Silva v. Bureau of Prisons</u>, No. 3:04-CV-0452-N, 2004 WL 1553471, at *4 (N.D. Tex. July 12, 2004) report and recommendation adopted, No. 3:04-CV-0452-N, 2004 WL 1732354 (N.D. Tex. Aug. 2, 2004). Moreover, the defendants were not a party to the alleged "contract"; thus, they could not have breached the contract. Additionally, an order granting pauper status is a court order, not a contract between parties.

2. Deprivation of Property

To the extent that Plaintiff claims the defendants deprived him of property without due process, his claim also fails. First, the negligent deprivation of property by a state or federal employee can never constitute a deprivation of due process. <u>See</u> <u>McNeair v. Snyder</u>, 7 Fed. Appx. 317, 319 (6th Cir. 2001), <u>citing</u>

Daniels v. Williams, 474 U.S. 327, 333-34 (1986). Next, the unauthorized intentional deprivation of property does not constitute a due process violation if a meaningful post-deprivation remedy is available. See id., citing Hudson v. Palmer, 468 U.S. 517, 531-33 (1984); Vicory v. Walton, 721 F.2d 1062, 1066 (6th Cir. 1983). In the instant case, Plaintiff's allegation that his money was extorted does not raise a constitutional violation because a meaningful post-deprivation remedy was and is available to the plaintiff under Louisiana law. Without the violation of a constitutional right, Plaintiff's claim fails under Bivens.

Regardless, even if Plaintiff's claim was properly raised under Bivens, the claim would fail because the defendants were ordered to withdraw money from Plaintiff's prison account to satisfy his two initial partial filing fees of $101.44 in docket numbers 14-cv-536 and 14-cv-538.

Plaintiff's claim that the defendants could not withdraw money until his balance reached $10.00 is without merit. It is well-settled that, **even if the account balance is under $10.00, the custodial institution *must still forward payments to the district court to pay the initial partial filing fee. The ten-dollar rule of §1915(b)(2) is applicable only after the initial partial filing fee is paid.*** See Hatchet v. Nettles, 201 F.3d 651, 653 (5th Cir. 2000)(citing McGore v. Wrigglesworth, 114 F.3d 601, 607 (6th Cir. 1997). All funds deposited into the account are to be withdrawn and

4

transferred to the clerk of the district court until the entire initial partial filing fee is paid. See id. Plaintiff has not fully paid the two partial filing fees of $101.44 from his two 2014 cases. Thus, the ten-dollar rule is not yet applicable.

Additionally, a prisoner proceeding IFP in the district court is obligated to pay the full filing fee upon the filing of a complaint. § 1915(b)(1). Even if the case if voluntarily dismissed, the plaintiff must still pay the filing fee. Williams v. Roberts, 116 F.3d 1126, 1128 (5th Cir. 1997).

3. Retaliation and Discrimination

Plaintiff claims that money is being taken out of his inmate account due to retaliation and discrimination. He does not allege any facts to support this conclusory allegation. The money being withdrawn from Plaintiff's account is for the satisfaction of the numerous filing fees incurred by Plaintiff. [1-15-cv-1729, Doc. #1, p.16]

### Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's complaint be **DENIED** and **DISMISSED WITH PREJUDICE** under 28 U.S.C. §1915(e)(2)(B) and 1915A.

### Objections

**Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific,**

written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.**

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 15th day of October, 2015.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE